**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE INTERNET PROTOCOL ADDRESS SERVICED BY LINODE LLC** | ML No. 19-941 |
|---|---|

***Reference: DOJ Ref. # CRM-182-63121; Subject Account: 139.162.110.171 on May 26, 2017 at 06:32:15 (UTC+2)***

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement") to execute a request from the Republic of Poland ("Poland"). The proposed Order would require Linode LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Galloway, New Jersey, to disclose certain records and other information pertaining to the PROVIDER account associated with Internet Protocol ("IP") address 139.162.110.171 as it was assigned on May 26, 2017 at 06:32:15 (UTC+2), as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this

application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5. Authorities in Poland are investigating an unknown suspect for computer intrusion offenses, which occurred on or about May 26, 2017, in violation of the criminal law of Poland, specifically, Article 287 of the Polish Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the requested records to assist in the criminal

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

investigation and/or prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, on May 24, 2017, a Polish individual (the "victim") transferred PLN 21,000 (approximately USD 5,645) to his online Bitbay cryptocurrency account ("Bitbay account") and used it to buy LSK, a cryptocurrency. On May 27, 2017, the victim found that he was unable to access his Bitbay account.

7. After recovering his password and accessing his Bitbay account, the victim learned that an unknown individual (the "suspect") had broken into his Bitbay cryptocurrency account on or about May 26, 2017. On May 26, 2017, three unauthorized transfers had been made from the victim's account in the amounts of LSK 1000.2, LSK 1000.2, and LSK 1708.2, for a total of LSK 3708.3 (approximately USD 3,819.55).

8. According to Polish authorities, the suspect used IP address 139.162.110.171 on May 26, 2017 at 06:32:15 (UTC+2) to log into the Bitbay account.

9. The IP address 139.162.110.171 is serviced by PROVIDER. Polish authorities seek records from PROVIDER in an effort to locate and identify the suspect.

## REQUEST FOR ORDER

10. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: ______________________________
Martyna Pospieszalska
Trial Attorney
NY Bar Number 5018528
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 598-8012 telephone
(202) 514-0080 facsimile
Martyna.Pospieszalska@usdoj.gov

**Relevant Provision of the Polish Criminal Code**

**Article 287**

Whoever in order to achieve financial gain or to inflict damage on another, without authorization affects automatic processing, collection or transfer of IT data, or changes, removes or enters a new record in IT data, is subject to a penalty of imprisonment from 3 months up to 5 years.